**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DEBORAH DeLONG,

                              Plaintiff,

                -against-

YOUSSEF SOUFIANE, and THE HEMPSTEAD
UNION FREE SCHOOL DISTRICT and THE
HEMPSTEAD BOARD OF EDUCATION, and
REGINA LATTIMORE-GORDON, TERRY
GRANT, RALPH SCHNEIDER, and DR.
NATHANIEL CLAY, DIANNE BROWN and
JOHN BROWN, SHARON SIMMONS and
SALLY A. THOMPSON, in their official and
individual capacities,

                            Defendants.
------------------------------------------------------------X

**AMENDED**
**MEMORANDUM OF**
**DECISION AND ORDER**
05-cv-5529 (ADS)(WDW)

**APPEARANCES:**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
Attorneys for Plaintiff
50 Clinton St., Suite 501
Hempstead, New York 11550
       By: Frederick K. Brewington, Esq.
          Valerie M. Cartwright, Esq., Of Counsel

**GUERCIO & GUERCIO**
Attorneys for Defendants
77 Conklin Street
Farmingdale, NY 11735
       By:  Raymond G. Keenan, Esq., Of Counsel

**SPATT, District Judge**.

On March 19, 2007, the Court dismissed the civil rights action of Deborah Delong ("the Plaintiff"), for failure to prosecute pursuant to FED. R. CIV. P. 41(b) ("the Order of Dismissal"). Currently pending before the Court is the Plaintiff's Rule 60(b) motion to vacate the Court's Order of Dismissal.

## I.  BACKGROUND

The Plaintiff, a former administrator in the Hempstead Union Free School District ("HUFSD") filed a complaint on November 28, 2005 asserting various civil rights and state law claims against HUFSD and a number of HUFSD officials ("the Defendants"). On December 19, 2005, the Defendants filed a motion requesting a more definite statement as to the complaint, which the Court granted on September 15, 2006. In granting the Defendants' motion, the Court ordered the Plaintiff to respond by filing an amended complaint within 30 days.

The Plaintiff never filed an amended complaint and no action was taken in the matter for almost six months. On March 5, 2007, the Court sent a notice to the Plaintiff's then counsel, Douglas L. Thomas ("Thomas"), requesting that he inform the Court within 10 days as to why the case should not be dismissed due to the Plaintiff's failure to prosecute. On March 19, 2007, after the 10-day period passed with no response from Thomas, the Court dismissed the Plaintiff's case for failure to prosecute pursuant to FED. R. CIV. P.  41(b).

On July 31, 2007, the Court received a letter from the Plaintiff requesting that the Court reconsider the dismissal in light of the allegation that her failure to prosecute the case was attributable to neglect and deception on the part of Thomas dating back as far as March of 2006. According to the Plaintiff, in March of 2006, Thomas informed her that the Court had requested additional documents to support the claims alleged in the Plaintiff's complaint. While the Court has no record of such a request, Thomas allegedly represented to the Plaintiff that the Court's "request" had been resolved.

However, according to the Plaintiff, in November of 2006, Thomas informed her that the Court had again requested additional documents. The Court has no record of such a document request. Nonetheless, the Plaintiff worked with Thomas to comply with the Court's "request" by "correlating, copying, and compiling" various documents related to her claim. The Plaintiff avers that the documents were ready to be produced to the Court by December 15, 2006.

Although the Plaintiff believed that her case was proceeding in the ordinary course of litigation, in May of 2007, an unnamed acquaintance informed the Plaintiff that her case had been dismissed. The Plaintiff immediately contacted Thomas who in turn denied any knowledge of the dismissal. The Plaintiff contacted Thomas during the next several weeks and Thomas continued to reassure the Plaintiff that her case

had not been dismissed.  In fact, as noted, the Court had dismissed the Plaintiff's case several months earlier on March 19, 2007.

The Plaintiff further alleges that, eventually, Thomas admitted to the Plaintiff that the documents prepared in December had never been sent to the Court.  However, Thomas reassured the Plaintiff that he had sent the Court a "corrective letter" in July of 2007 and was awaiting the Court's response.  The Court has no record of receiving such a letter.

As discussed, the Plaintiff apprised the Court of the foregoing facts in a letter dated July 31, 2007 and requested that the Court consider re-opening her case.  By letter dated August 3, 2007, the Court informed the Plaintiff that her case had been dismissed for failure to prosecute and that her recourse was to retain another attorney if she wished to seek relief from the Order of Dismissal.   Four months after receiving the Court's August 3, 2007 letter, the Plaintiff retained the Law Offices of Frederick K. Brewington ("new counsel") in December of 2007.  According to the Plaintiff, her search for new counsel was delayed by her financial means because she had already paid Thomas $10,000.

Represented by new counsel, the Plaintiff filed the instant motion on March 14, 2008.  The Defendants have not submitted papers in opposition to the motion.

## II.  DISCUSSION

### A. Rule 60(b) Standard

FED. R. CIV. P. 60(b) provides that a court may relieve a party from a final order for, among other enumerated reasons, "(1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). Jones v. UNUM Life Ins. Co. of America, 223 F.3d 130, 136 (2d Cir. 2000). "To grant a Rule 60(b) motion, the court must find that the evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result." Figueroa v. Walsh, 2008 WL 1945350, *4 (E.D.N.Y. May 1, 2008) (citing Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir.1987)). Ultimately, the determination of Rule 60(b) motions are left to "the sound discretion of the district judge." Wang v. State Univ. of New York Health Sciences Ctr. at Stony Brook, 2008 WL 4415266, at *2 (E.D.N.Y. Sep. 24, 2008).

It is well established that the appropriate occasion for Rule 60(b)(6) relief is limited to cases where the movant can show "extraordinary circumstances" or "extreme hardship". United States v. Harris, 367 F.3d 74, 80 (2d Cir.2004) (citing United States v. Cirami, 563 F.2d 26, 32 (2d Cir.1977)) ("Cirami II"). However, Rule 60(b)(6) does, "confer[] broad discretion on the trial court to grant relief when appropriate to accomplish justice." Matarese v. LaFevre, 801 F.2d 98, 106 (2d Cir.1986). Indeed, clause (6) has been characterized as "a grand reservoir of equitable

power to do justice in a particular case when relief is not warranted by [Rule 60(b)'s]

preceding clauses." Cirami II, 563 F.2d at 32.  Nonetheless, relief under clause (6) is

only appropriate where all of the more specific clauses of Rule 60(b) are inapplicable.

See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391-92 (2d Cir. 2001)

("Controlling cases have held that if the reasons offered for relief from judgment can

be considered in one of the more specific clauses of Rule 60(b), such reasons will not

justify relief under Rule 60(b)(6)") (citations omitted).

### B.    As To The Plaintiff's Rule 60(b) Motion

#### 1.    The Plaintiff Has Offered Highly Convincing Evidence of Extraordinary Circumstances Justifying 60(b)(6) Relief

The Plaintiff argues that the Court's Order of Dismissal should be vacated

because her failure to prosecute the action was attributable to Thomas's neglect and

deception.  Though the Plaintiff  relies on 60(b)(1) as the basis for relief, it is clear

that clause (1) is not applicable in the instant case.  Here, there was no apparent

neglect on the part of the Plaintiff herself, and counsel's neglect and deception can

certainly not be viewed as "excusable".  See Cirami II, 563 F.2d at 35 (noting that

Clause (1) was not the appropriate basis for relief where movants were not themselves

neglectful);  L. P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235 (D.C. Cir. 1964)

("Clause (1) of Rule 60(b) is not and clause (6) is broad enough to permit relief when

as in this case personal problems of counsel cause him grossly to neglect a diligent

6

client's case and mislead the client").   Accordingly, because none of the preceding

grounds for relief under 60(b) are applicable, the Court may analyze the Plaintiff's

motion under clause (6).

The Second Circuit has found that, under 60(b)(6), "extraordinary

circumstances" justifying relief from a final order exist where the client diligently

monitors her case and counsel made false assurances regarding the status of the

lawsuit.  See Cirami II, 563 F.2d at 33 (vacating a dismissal where defendants were

diligent in regularly inquiring about the status of their case and were given false

assurances by their attorney); Compare Canini v. U.S. Dept. of Justice Federal Bureau

of Prisons, 2008 WL 818696, at *6 (E.D.N.Y. Mar. 26, 2008) (denying plaintiff's

motion to vacate where plaintiff made no effort to monitor the case and counsel made

no false assurances to plaintiff about the status of the case).

In Cirami II, the Second Circuit reversed the district's court's refusal to vacate

a dismissal where the defendants offered affidavits asserting that they diligently

inquired of their attorney as to the status of their case three or four times a week over a

six-month period and that the attorney had given assurances on each occasion that the

matter was being handled properly.  563 F.2d at 33.  Here, the Plaintiff made a

comparable effort to monitor Thomas over a long period of time and at each turn she

was apparently misled and deceived by Thomas.

7

After Thomas informed the Plaintiff about the alleged request for documents from the Court in March of 2006, the Plaintiff followed up with Thomas, via telephone and in-person, to ensure that Thomas complied with the Court's request. The Plaintiff only relented when Thomas assured her that the request had been satisfied. In November of 2006, when Thomas informed the Plaintiff that the Court had again requested additional documents, the Plaintiff questioned Thomas as to whether he had complied with the March document request and Thomas again assured her he had done so.

According to the Plaintiff, she then diligently worked with Thomas "correlating, copying, and compiling" documents in preparation for the production. The Plaintiff believed that Thomas had produced those documents in December of 2006 and it was not until May of 2007 that the Plaintiff learned from an acquaintance that her case had been dismissed. Upon hearing this information, she immediately contacted Thomas and over the next several weeks, Thomas falsely represented to the Plaintiff that her case was still open.

It is further alleged by the Plaintiff that, eventually, Thomas admitted to the Plaintiff that her case had been dismissed but he assured her that he was awaiting the Court's response from a "corrective" letter he allegedly submitted to the Court in July of 2007. As indicated, the Court never received such a letter from Thomas. Once the

Plaintiff learned, via a computer search, that her case had in fact been dismissed, she immediately wrote to the Court describing Thomas's negligence and deception.

Thus, despite repeated alleged false representations and assurances by Thomas, it is clear that the Plaintiff undertook diligent efforts to monitor the case and sought to induce Thomas to "fulfill his duty". Dominguez v. United States, 583 F.2d 615, 618 (2d Cir. 1978). Accordingly, the Court finds that the Plaintiff has offered highly convincing evidence of "extraordinary circumstances" justifying Rule 60(b)(6) relief.

### 2. The Plaintiff Has Shown Good Cause for Her Failure to Act Sooner

A motion under Rule 60(b)(6) must be made "within a reasonable time." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002). "To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), [courts] look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" Grace v. Bank Leumi Trust Co., 443 F.3d 180, 190 (2d Cir. 2006) (quoting Kotlicky, 817 F.2d at 9).

Here, the Plaintiff had no reason to believe that her case was not proceeding along in the ordinary course of litigation until an acquaintance informed the Plaintiff that her case had been dismissed in May of 2007. Prior to that time, Thomas had assured the Plaintiff that he complied with the Court's March 2006 and November 2006 "requests". Once the Plaintiff learned that her case had been dismissed, she

immediately contacted Thomas, who in turn misled her into believing that her case was still open.

In July of 2007, after Thomas finally admitted that the Plaintiff's case had been dismissed, the Plaintiff immediately contacted the Court seeking relief. Once the Court advised the Plaintiff that her recourse was to retain different counsel in order to challenge the Order of Dismissal, the Plaintiff conducted a search to find a suitable replacement. This effort was constrained by the Plaintiff's financial situation as she had already paid Thomas $10,000 in legal fees. However, in December of 2007, only eight months after Thomas finally admitted to the Plaintiff that her case had been dismissed, the Plaintiff obtained new counsel and subsequently filed the instant motion.

In light of the unusual circumstances causing the Plaintiff's delay, the balance between the "policy in favor of hearing a litigant's claims on the merits" and the "policy in favor of finality," Kotlicky, 817 F.2d at 9, tips decidedly in the Plaintiff's favor.

### 3. The Plaintiff Has Shown No Undue Hardship Would be Imposed Upon the Defendants if the Order of Dismissal is Vacated

In a Rule 60(b) motion, the movant must demonstrate that the relief requested will not prejudice the other party. Broadway v. City of New York, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) (citing Kotlicky, 817 F.2d at 9). Here,

10

there was a four month delay between the Court's Order of Dismissal and the

Plaintiff's letter to the Court.  There was a delay of less than one year between the

Order of Dismissal and the instant motion.

To the extent that such a delay could conceivably have harmed the Defendants,

it must be noted that, under 60(b), "[d]elay alone is not a sufficient basis for

establishing prejudice."  New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005) (citing

Davis v. Musler, 713 F.2d 907, 915 (2d Cir.1983)).  Even if the Plaintiff's delay was a

dispositive factor, there is no indication that this delay will "result in the loss of

evidence, create increased difficulties of discovery, or provide greater opportunity for

fraud and collusion."  Davis, 713 F.2d at 916 (citing 10 C. Wright, A. Miller and M.

Kane, Federal Practice and Procedure: Civil, § 2693 at 477-93 (1983)).

Moreover, in evaluating whether Defendants will be prejudiced, it is

significant to note that the Defendants have not filed papers in opposition to the

motion.  See Mortg. Lenders Network, Inc. v. Rosenblum, 218 F.R.D. 381, 384

(E.D.N.Y. 2003) (finding no prejudice in part because parties did not oppose movant's

motion to intervene); United States v. Smedley, 129 F.R.D. 473, 475 (S.D.N.Y. 1990)

(finding grounds for 60(b) relief where, among other reasons, the Government did not

oppose the movant's motion).  Under such circumstances, the Plaintiff has carried her

burden to show that no undue hardship would befall the Defendants if the Order of

Dismissal is vacated.

Accordingly, the Plaintiff's motion to vacate the Court's March 19th Order of Dismissal is **GRANTED**.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Plaintiff's motion to vacate the Court's March 19th Order of dismissal is **GRANTED**, and it is further

**ORDERED**, that the Plaintiff is to file an amended complaint complying with the Court's Order of September 15, 2006 within 20 days of the date of this Order, and it is further

**ORDERED**, that after the Plaintiff files an amended complaint, the Plaintiff's attorney is directed to report to United States Magistrate Judge William D. Wall in order to set a discovery schedule leading to a trial date.

**SO ORDERED.**

Dated: Central Islip, New York
         October 10, 2008

ARTHUR D. SPATT
United States District Judge