UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DEBORAH DeLONG,

                           Plaintiff,

          -against-

YOUSSEF SOUFIANE, THE HEMPSTEAD
UNION FREE SCHOOL DISTRICT, THE
HEMPSTEAD BOARD OF EDUCATION,
REGINA LATTIMORE-GORDON, TERRY
GRANT, RALPH SCHNEIDER, DR.
NATHANIEL CLAY, DIANNE BROWN, JOHN
BROWN, SHARON SIMMONS, and SALLY A.
THOMPSON, in their official and individual
capacities,

                         Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
05-CV-5529 (ADS)(WDW)

**APPEARANCES:**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
Attorneys for Plaintiff
50 Clinton St., Suite 501
Hempstead, New York 11550
      By: Frederick K. Brewington, Esq.
          Valerie M. Cartwright, Esq., Of Counsel

**GUERCIO & GUERCIO**
Attorneys for Defendants
77 Conklin Street
Farmingdale, NY 11735
      By: Richard J. Guercio, Esq.,
          John P. Sheahan, Esq., Of Counsel

1

**SPATT, District Judge**.

In November of 2005, Deborah DeLong ("DeLong" or "the Plaintiff"), a former administrator in the Hempstead Union Free School District ("HUFSD"), filed an 84 page complaint asserting various civil rights and state law claims against HUFSD and a number of HUFSD officials (collectively "the Defendants"). Since that time, this case has taken several unusual procedural turns. Presently before the Court is the Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the Plaintiff's Second Amended Complaint. For the reasons that follow, the Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

DeLong, a 53-year-old African-American woman, has been employed by the HUFSD since 1980, when she was initially hired as a social worker. In 1999, DeLong was granted tenure as the Director of Pupil Personnel Services ("PPS"). Several years later, DeLong was appointed to the position of Assistant Superintendent for PPS, a position that was eliminated by the HUFSD Board of Education on July 1, 2003. On that same day, the HUFSD Board of Education restored DeLong to her previous position as the Director of PPS. However, on October 3, 2005, the Board of Education abolished DeLong's position.

DeLong filed her initial Complaint in this action on November 18, 2005, alleging wide-ranging causes of action against HUFSD and many HUFSD officials. The gravaman of her lengthy Complaint was that various HUFSD officials conspired to mistreat her and violate her civil rights. On December 19, 2005, the Defendants filed a motion requesting a more definite statement as to the Complaint, which the Court granted on September 15, 2006. In granting the Defendants' motion, the Court ordered the Plaintiff to respond by filing an amended complaint

within 30 days.

The Plaintiff did not file an amended complaint and no action was taken in the case for almost six months. On March 5, 2007, the Court sent a notice to the Plaintiff's then counsel, Douglas L. Thomas, requesting that he inform the Court within 10 days as to why the case should not be dismissed due to the Plaintiff's failure to prosecute. On March 19, 2007, after the 10-day period passed with no response from Thomas, the Court dismissed the Plaintiff's case for failure to prosecute pursuant to Fed. R. Civ. P 41(b) ("the March 2007 Order").

On July 31, 2007, the Court received a letter from the Plaintiff requesting that the Court reconsider the dismissal. In the letter, the Plaintiff explained that her failure to prosecute the case was attributable to neglect and deception on the part of attorney Thomas dating back as far as March of 2006. On October 10, 2008, the Court granted the Plaintiff's motion to vacate the March 2007 Order under Fed. R. Civ. P. 60(b)(6). See DeLong v. Soufiane, No. 05-CV-5529, 2008 WL 4561617 (E.D.N.Y. Oct. 10, 2008). In particular, the Court found that the Plaintiff's extraordinary circumstances—namely her counsel's negligence and deception in failing to prosecute her case—justified giving the Plaintiff an opportunity to comply with the Court's earlier instruction to file an amended complaint. Id. at 5. The Court ordered the Plaintiff to file an amended complaint within 30 days. Id.

On October 30, 2008, the Plaintiff filed the Amended Complaint asserting eleven causes of action that spanned 105 pages and 277 paragraphs; 21 pages longer than the initial complaint. On November 18, 2008, the Defendants filed a motion for a more definite statement of the Amended Complaint. In essence, the Defendants argued that the volume and nature of the Plaintiff's Amended Complaint frustrated their ability to analyze her claims and prepare a

responsive pleading. On February 19, 2009, the Court granted the Defendants' motion and dismissed the Amended Complaint without prejudice. The Court gave the Plaintiff a final opportunity to file a Second Amended Complaint that complied with Fed. R. Civ. P. 8.

The Plaintiff filed her Second Amended Complaint on March 20, 2009. The Second Amended Complaint is 61 pages in length and contains 199 paragraphs. On March 30, 2009, the Defendants again filed a motion for a definite statement, renewing their argument that the prolixity of the Second Amended Complaint prevented them from framing a responsive pleading. The Court denied the Defendants' motion in an order dated August 10, 2009, finding that the Second Amended Complaint provided sufficient detail to give the Defendants fair notice of the claims asserted against them.

DeLong's Second Amended Complaint alleges that the Defendants have violated various federal civil rights statutes, including Title VII of the Civil Rights Act ("Title VII), 42 U.S.C. § 2000e, as well as 42 U.S.C. §§ 1981, 1983, 1985, and 1986. DeLong also asserts causes of action for defamation; assault and battery; negligent supervision and training; breach of contract; intentional interference with a contractual relationship; and intentional infliction of emotional distress. In addition, DeLong contends that the Defendants have violated N.Y. Civil Service Law § 75-b. The Defendants have raised a number of arguments in support of their Fed. R. Civ. P. 12(b)(6) motion to dismiss the Second Amended Complaint. The Court will address each of these arguments in turn.

## II. DISCUSSION

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible

on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

**A. Whether the Plaintiff's Claims are Barred by the Applicable Statutes of Limitation**

The Defendants contend that the claims alleged in the Plaintiff's Second Amended Complaint are barred by their respective statutes of limitation. The Plaintiff counters that her claims are within the applicable statutes of limitation because they "relate back" to her initial Complaint. The Court agrees.

Fed. R. Civ. P. 15(c) provides that an amended pleading may "relate back" if: (1) the law that supplies the statute of limitations authorizes relation back; and (2) the amended pleading arises out of the same "conduct, transaction, or occurrence" as the original pleading. The Second Circuit has observed that the "central inquiry" under Rule 15(c) "is whether adequate notice of

5

the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." Slayton v. American Exp. Co., 460 F.3d 215, 228 (2d Cir. 2006) (citing Stevelman v. Alias Research Inc., 174 F.3d 79, 86 (2d Cir. 1999)); see Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1497 (2d ed. 2009) (noting that where the alteration of the original pleading is "so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired."). However, notwithstanding the "judicial insistence on notice," an amended pleading will relate back even where it contains substantial differences or amplifications if "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." Wright & Miller, § 1497.

Here, although the two earlier incarnations of DeLong's pleading were not models of clarity, the Court is satisfied that the causes of action set forth in the Second Amended Complaint arise out of the same factual circumstances described in her original Complaint. In particular, both pleadings rest upon allegations that the HUFSD and the various HUFSD officials named as defendants conspired to mistreat her and violate her civil and constitutional rights. Despite the length and prolixity of the Complaint and the Amended Complaint, these pleadings gave the Defendants adequate notice of the underlying factual allegations that formed the basis for DeLong's present claims.

Consistent with Rule 15(c)'s aim of providing "maximum opportunity for each claim to be decided on its merits," Slayton, 460 F.3d at 228, the Court finds that all but two causes of

6

action alleged in the Second Amended Complaint are timely because they relate back to the filing of the original Complaint on November 18, 2005. However, even with the benefit of the relation back doctrine, it is clear that DeLong's claims of defamation, assault and battery must be dismissed as untimely.

N.Y. C.P.L.R. 215(3) establishes a one-year statute of limitations for all three of these causes of action. Here, the assault and battery claims are untimely as the alleged torts were committed on May 10, 2004—approximately 18 months before DeLong filed her original Complaint. Accordingly, the Plaintiff's Seventh Cause of Action is dismissed.

N.Y. C.P.L.R. 3016(a) requires a plaintiff asserting a slander or libel claim to specify the particular defamatory words used by the defendant. In the instant case, DeLong alleges only one defamatory statement with the specificity contemplated by § 3016(a). See Hargett v. Metro. Transit Auth., 552 F. Supp. 2d 393, 403 (S.D.N.Y. 2008) (citing Daniels v. Alvarado, No. 03-CV-5832, 2004 WL 502561, at *8 (E.D.N.Y. Mar. 12, 2004)) (interpreting § 3016(a) to require a plaintiff to specify the allegedly defamatory statement). In particular, she alleges that on July 1, 2001, Defendant Youssef Soufiane barged into her office and accused her of being involved with Defendant Dr. Terry Grant in a fraudulent scheme to skim money from the HUFSD. See Compl. ¶ 24 (alleging that Soufiane accused DeLong of "get[ting] [hers] off the top!"). However, since DeLong failed to assert this allegation until November 18, 2005, her defamation claim is clearly barred by the one-year statute of limitations. Accordingly, the Plaintiff's Sixth Cause of Action is also dismissed.

**B. Title VII**

DeLong contends that the Defendants decision to remove her from two positions within

the HUFSD was motivated by racial and gender animus. She also alleges that the Defendants retaliated against her after she expressed concern about the perceived discriminatory treatment of other HUFSD employees. The Defendants argue that the Plaintiff's Title VII claim must be dismissed because she failed to present her claims to the Equal Employment Opportunity Commission ("EEOC").

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. New York City Housing Auth., 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5 (2000)); see Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001) (observing that a plaintiff may not assert Title VII claims without first exhausting administrative remedies). "Pursuant to the exhaustion requirement, a district court only has jurisdiction over Title VII claims that are either included in an EEOC charge or are 'reasonably related to those that the plaintiff did assert before the agency.'" Ragusa v. Malverne Union Free School Dist., No. 06-CV-4905, 2009 WL 2485837, at *4 (E.D.N.Y. Aug. 4, 2009) (quoting Fitzgerald, 251 F.3d at 359). Here, DeLong concedes that she failed to present her claims to the EEOC. Accordingly, because the Court is without subject matter jurisdiction to hear claims that were never presented to the EEOC or the New York State Division of Human Rights, DeLong's Title VII cause of action is dismissed.

## C. 42 U.S.C. § 1981

42 U.S.C. § 1981 ("Section 1981") prohibits race-based discrimination in the creation and enforcement of contracts. Gibbs-Alfano v. Burton, 281 F.3d 12, 16 (2d Cir. 2002). The Court reads DeLong's complaint to allege that the Defendants violated Section 1981 by treating

8

her differently than white HUFSD employees with similar contractual rights. The Defendants do not, at this stage, challenge the sufficiency of her allegations against the individual Defendants. However, the Defendants are correct in arguing that Section 1981 is not the appropriate statutory vehicle for pursuing the Plaintiff's claims against the HUFSD and the HUFSD Board of Education.

"Section 1981 does not impose vicarious liability on municipalities for employee decisions made in their course of official duties." Tekula v. Bayport-Blue Point School Dist., 295 F. Supp. 2d 224, 232 (E.D.N.Y. 2003) (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 721, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)). Instead, 42 U.S.C. § 1983 ("Section 1983") provides the "exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." Id. (quoting Jett, 491 U.S. at 721). Accordingly, DeLong's cause of action under Section 1981 is dismissed as against the HUFSD and the HUFSD Board of Education. DeLong's Section 1981 claims against the HUFSD and the HUFSD Board of Education may be pursued under Section 1983.

**D.  42 U.S.C. § 1983**

DeLong has asserted claims under 42 U.S.C. § 1983 ("Section 1983)" against the Defendants in their official and individual capacities. However, since "it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" DeJean v. County of Nassau, No. 06-CV-6317, 2008 WL 111187, at *5 (E.D.N.Y. Jan. 8, 2008) (quoting Escobar v. City of New York, No. 05-CV-3030, 2007 WL 1827414, at * 3 (E.D.N.Y. June 25, 2007)). Here, DeLong's

9

claims against the individual Defendants in their official capacities must be dismissed because they are duplicative of her Monell claim against the HUFSD and the HUFSD Board of Education. Accordingly, DeLong may only pursue Section 1983 claims against the individual Defendants in their individual capacities. See Drees v. County of Suffolk, No. 06-CV-3298, 2007 WL 1875623, at * 19 (E.D.N.Y. June 27, 2007) (dismissing claims against the individual defendants in their official capacities as duplicative of the Monell claim against the County).

The Defendants also contend that DeLong's claims under Section 1983 against Defendants John Brown, Terry Grant, Regina Lattimore-Gordon and Ralph Schneider, must be dismissed because she has failed to allege their personal involvement in the purported deprivation of her constitutional rights. The Second Circuit has long recognized that plaintiffs asserting claims under Section 1983 must allege the personal involvement of each defendant. Back v. Hastings On Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004) (citing McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977)).

In this case, the Second Amended Complaint contains one allegation that suffices to allege a plausible Section 1983 claim against Defendant Schneider. According to the Second Amended Complaint, Schneider was a member of the HUFSD Board of Education from July of 2004 through the filing of the original Complaint in November of 2005. Compl. ¶ 12(b). The Plaintiff alleges that, on October 3, 2005, Schneider voted to abolish Plaintiff's title as Director of PPS. Id. at ¶ 88. The Plaintiff claims that her position as the Director of PPS was reassigned to a white male under a different title. Id. If true, this allegation could conceivably form the basis for a plausible equal protection claim under Section 1983. However, the Plaintiff's allegations with respect to Lattimore-Gordon, Terry Grant, and John Brown are plainly

10

insufficient.

One of the ways in which a plaintiff can establish a defendant's personal involvement is by showing that the defendant "'exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring.'" Johnson v. Newburgh Enlarged School Dist., 239 F.3d 246, 254 (2d Cir. 2001) (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). Here, the Plaintiff appears to claim that Lattimore-Gordon, as the former President of the HUFSD Board of Education, was deliberately indifferent to the allegedly unconstitutional acts being committed by the other individual Defendants. However, the Second Amended Complaint is void of any *factual* allegations regarding Lattimore-Gordon's purported indifference. The Plaintiff instead relies on legal conclusions that the Court need not credit, even at the motion to dismiss stage. See Harris, 572 F.3d 66 (2d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949) (observing that although a court must accept as true the allegations in the complaint, this "tenet" is not applicable to bare legal conclusions). Accordingly, the Plaintiff's Section 1983 claim is dismissed as against Lattimore-Gordon.

The allegations relating to John Brown and Terry Grant are also insufficient to sustain claims under Section 1983. With respect to Brown, the Second Amended Complaint only alleges the Defendants met at his home to "concoct" their purported schemes. Compl. ¶¶ 48, 94, 136. However, there is no indication of what role, if any, Brown played in the alleged constitutional violations. The Second Amended Complaint is also without any factual allegation tying Terry Grant to the purported constitutional violations. Accordingly, the Plaintiff's Section 1983 claims against John Brown and Terry Grant are dismissed.

**E. 42 U.S.C. §§ 1985 and 1986**

42 U.S.C. § 1985 ("Section 1985") permits the recovery of damages against persons who conspire to violate a plaintiff's civil rights. Section 1986 "provides a cause of action against anyone who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so.'" Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (quoting Katz v. Morgenthau, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), aff'd in part and rev'd in part on other grounds, 892 F.2d 20 (2d Cir. 1989)). For this reason, a claim under Section 1986 must be predicated upon a valid Section 1985 claim. Brown v. City of Oneonta, New York, 221 F.3d 329, 341 (2d Cir. 2000) (citing Mian, 7 F.3d at 1087). Here, DeLong alleges that the individually named Defendants conspired to demote her because of her race, in violation of Section 1985 and Section 1986. The Defendants contend that DeLong's claims under Sections 1985 and 1986 are barred by the intra-corporate conspiracy doctrine.

"The intracorporate conspiracy doctrine posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." Rodriguez v. City of New York, 644 F. Supp. 2d 168, 200 (E.D.N.Y. 2008) (collecting cases). DeLong counters that the intra-corporate conspiracy doctrine is inapplicable here because the Defendants were acting outside the scope of their employment with the HUFSD. However, this argument is belied by the allegations in the Second Amended Complaint.

"[T]o show that defendants acted outside the scope of their employment, a plaintiff must show that defendants were 'acting in their personal interests, wholly and separately from the

12

corporation' or municipal entity." Id. (quoting Bhatia v. Yale Univ., No. 06-CV-1769, 2007 WL 2904205, at *2 (D. Conn. Sept. 30, 2007)). Even if the alleged conspiracy was motivated by the individual Defendants' personal animus toward the Plaintiff, the Second Amended Complaint clearly alleges that the individual Defendants were not acting "wholly and separately" from the HUFSD and the HUFSD Board of Education. In particular, DeLong alleges that the individual Defendants "did plot and conspire . . . *to use their official status as Officers of the HUFSD and Members of the Hempstead Board of Education* to violate" her civil rights. Compl. ¶ 136 (emphasis added). Under the circumstances, where the Plaintiff admits that the Defendants were acting pursuant to their official duties as municipal officers, the intra-corporate conspiracy doctrine precludes the Plaintiff from asserting claims under Sections 1985 and 1986. Accordingly, the Plaintiff's Fifth Cause of Action is dismissed.

## F.  N.Y. Civil Service Law § 75-b

DeLong alleges that she was retaliated against by the Defendants after she expressed concern about the perceived discriminatory treatment of other HUFSD employees. New York's Whistleblower Law, N.Y. Civil Service Law § 75-b, prohibits "public employers" from retaliating against employees that report unlawful behavior. However, it is well-established that § 75-b does not impose liability upon individual municipal employees "because [the statute] does not include individuals in its definition of public employer." Roddini v. City Univ. of New York, 02-CV-4640, 2003 WL 435981, at *5 (S.D.N.Y. Feb. 21, 2003) (quoting Fry v. McCall, 945 F. Supp. 655, 666 (S.D.N.Y. 1996)). Accordingly, DeLong's claim under § 75-b must be dismissed with prejudice as against all of the individually named Defendants.

13

## G. Notice of Claim - N.Y. Education Law § 3813(1)

New York Education Law establishes that a plaintiff may not assert a claim under state law against a school district, a board of education, or any officer thereof, unless she has served a notice of claim upon the district within 90 days after the cause of action accrued. N.Y. Education Law § 3813(1). Here, all but one of the remaining Defendants, including the HUFSD and the HUFSD Board of Education, are covered by § 3813. See Smith v. Tuckahoe Union Free School Dist., 03-CV-7951, 2009 WL 3170302, at * 10 (citing DeRise v. Kreinik, 10 A.D.3d 381, 381, 780 N.Y.S.2d 773, 774 (2d Dep't 2004)) (finding that superintendents are "officers" within the meaning of the statute). As a principal, Defendant Sally Thompson is not "an officer" for the purposes of § 3813 and therefore the notice of claim requirement does not apply to causes of action asserted against her. See Richards v. Calvet, No. 99-CV-12172, 2005 WL 743251, at *13 (S.D.N.Y. Mar. 31, 2005) (finding that a principal was not an "officer" within the meaning of the statute). With respect to state law claims against all other Defendants, § 3813 requires that the Plaintiff "plead and prove compliance with the requirements of [the statute]." Grennan v. Nassau County, 2007 WL 952067, at *17 (E.D.N.Y. Mar. 29, 2007) (citing Warner v. Village of Goshen Police Dept., 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003)); see Scaggs v. N.Y. State Dep't of Educ., No. 06-Civ.-0799, 2007 WL 1456221, at *19 (E.D.N.Y. May 16, 2007) (noting that the "failure to present a claim within the statutory time limitation . . . is a fatal defect.").

The Second Amended Complaint alleges that the Plaintiff filed a notice of claim on September 4, 2004. Compl. ¶ 6. Therefore, in order for her remaining state law causes of action to be viable, the Plaintiff must show that these claims accrued after June 6, 2004 and before September 4, 2004. However, it is impossible for the Court to determine whether her claims are

14

timely because the Second Amended Complaint fails to allege precisely when the Plaintiff's surviving state law claims accrued.

Under the circumstances, the Court finds it appropriate to dismiss the Plaintiff's Ninth, Tenth and Eleventh causes of action without prejudice as against all of the remaining Defendants, except Thompson. Notwithstanding the Plaintiff's repeated failure to allege when these claims arose, the Court will afford her one final opportunity to amend her pleading to provide specific <u>factual</u> allegations concerning when these state law claims accrued.

**H.  The Plaintiff's Motion to Amend the Second Amended Complaint**

The Court has already determined that the Plaintiff may file a Third Amended Complaint for the limited purpose of specifying when her surviving state law claims accrued. The Plaintiff also requests the opportunity to amend the Second Amended Complaint to re-plead any other claims that the Court has found legally insufficient.

Generally, leave to amend should be freely granted under Fed. R. Civ. P. 15(a). However, in this case, it would not be appropriate to grant the Plaintiff a third, unfettered opportunity to amend her pleading. This case was commenced more than four years ago and is still in the pleading stage. During that time, the Plaintiff has had three opportunities to clarify and amplify the allegations in her complaint. To give her a fourth bite at the apple—after the Defendants have filed three motions for a more definite statement and the instant Fed. R. Civ. P. 12(b)(6) motion to dismiss—would be manifestly unfair. Accordingly, the Plaintiff's motion to amend her Second Amended Complaint is granted only to the extent that she may amend to specify when her surviving state law claims arose.

# III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's First Cause of Action (Title VII) is dismissed, and it is further

**ORDERED**, that the Plaintiff's Second Cause of Action (Section 1981) is dismissed as against the HUFSD and the HUFSD Board of Education, and it is further

**ORDERED**, that the Plaintiff's Third Cause of Action (Section 1983) is dismissed as against the individual Defendants in their official capacities, and it is further

**ORDERED**, that the Plaintiff's Fifth Cause of Action (Sections 1985 and 1986) is dismissed, and it is further

**ORDERED**, that the Plaintiff's Sixth Cause of Action (Defamation) and Seventh Cause of Action (Assault and Battery) are dismissed, and it is further

**ORDERED**, that the Plaintiff's Ninth Cause of Action (N.Y. Civil Service Law § 75-b) is dismissed with prejudice as against all of the individually named Defendants and dismissed without prejudice as against the HUFSD and the HUFSD Board of Education, and it is further

**ORDERED**, that the Plaintiff's Tenth Cause of Action (Breach of Contract and Intentional Interference with Contract) is dismissed without prejudice against all of the Defendants save Sally Thompson, and it is further

**ORDERED**, that the Plaintiff's Eleventh Cause of Action (Intentional Infliction of Emotional Distress) is dismissed without prejudice against all of the Defendants save Sally Thompson, and it is further

**ORDERED**, that the Plaintiff's Second Amended Complaint is dismissed as to Regina

Lattimore-Gordon, Terry Grant, and John Brown, and it is further

**ORDERED**, that the Plaintiff's motion to amend the Second Amended Complaint is granted only to the extent that she may amend to specify when her surviving state law claims accrued. If the Plaintiff wishes to amend the Second Amended Complaint, she must do so within 20 days of the date of this order.

**SO ORDERED**.

Dated: Central Islip, New York
January 14, 2010

                                       */s/ Arthur D. Spatt*
                                         ARTHUR D. SPATT
                                     United States District Judge